No. 92-215

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

THE STATE OF MONTANA,

Plaintiff and Respondent,

v.

GEORGE ALAN COLLINS, JR.,

Defendant and Respondent.

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Broadwater,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

George Alan Collins, Jr., pro se, Deer
Lodge, Montana

For Respondent:

Hon. Marc Racicot, Attorney General, Helena, Montana
Cregg W. Coughlin, Assistant Attorney General,
Helena, Montana

John T. Flynn, County Attorney, Townsend, Montana

Submitted on Briefs:   December 15, 1992

Decided:   January 12, 1993

Filed:

FILED

JAN 12 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

George Alan Collins, Jr. (Collins), appeals his conviction for felony criminal mischief following a jury trial in the District Court for the First Judicial District, Broadwater County. We affirm the conviction.

The issues presented for our consideration are:

1. Did the District Court abuse its discretion by admitting a photograph of damage to Collins' vehicle?

2. Did the District Court err in refusing to instruct the jury on the lesser included offense of misdemeanor criminal mischief?

On September 27, 1991, Collins took his mother's Chevrolet Camaro after she denied him permission to use it. After learning Collins had her vehicle and refused to return it, Mrs. Collins reported the vehicle as stolen. A report of a drunk driver and a stolen vehicle was transmitted to law enforcement personnel in the area. That evening, Officer Cal Janes of the Montana Highway Patrol observed the suspect vehicle and turned his patrol car to pursue. After a lengthy chase, during which Collins at one point rammed Janes' patrol car with his mother's car, Collins was apprehended at a road block. Collins appeals his conviction.

I.

Did the District Court abuse its discretion by admitting a photograph of damage to Collins' vehicle?

Collins contends State's exhibit number 4, a flash-assisted photograph, contains aberrant reflections and, therefore, does not accurately depict the subject, which is damage to the left-rear of

2

the Camaro. In ascertaining whether evidence is admissible, the District Court must determine that it is both relevant and competent. State v. Henry (1990), 241 Mont. 524, 531, 788 P.2d 316, 320. In addition,

> evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, . . . .

Rule 403, M.R.Evid. Whether the photograph is relevant and competent, and whether or not the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading effect upon the jury "is a matter for the discretion of the trial court." State v. Devlin (1991), 251 Mont. 278, 283, 825 P.2d 185, 188.

Collins' contention that the flash reflections may be interpreted as more extensive damage than actually existed is without merit. The general rule governing the admissibility of a photograph is that the "photograph is admissible if it fairly and accurately represents the relevant evidence." State v. Austad (1981), 197 Mont. 70, 82, 641 P.2d 1373, 1380. Officer Janes testified that he took the photograph and that the photograph accurately portrayed the damage to the Camaro after it struck his patrol car on the night of September 27, 1991. The District Court overruled counsel's objection and admitted the photograph into evidence.

We hold the flash-assisted photograph accurately portrayed the damage to Collins' vehicle, was relevant and competent, and did not operate to mislead the jury as to the damage to the Camaro. Furthermore, Collins was not convicted based upon the amount of damage to the Camaro. He was convicted based upon the amount of damage to the patrol vehicle. The District Court did not abuse its discretion in allowing the photograph into evidence.

## II.

Did the District Court err in refusing to instruct the jury on the lesser included offense of misdemeanor criminal mischief?

Collins next contends that the District Court erred by failing to instruct the jury as to the lesser included offense of misdemeanor criminal mischief. This argument too falls short of reversible error. In Montana, "the trial court's instructions must cover every issue or theory having support in the evidence." State v. Van Dyken (1990), 242 Mont. 415, 432, 791 P.2d 1350, 1360. This includes an instruction on a lesser included offense where "any evidence exists in the record which would permit the jury to rationally convict the defendant of a lesser offense and to acquit him of a greater" offense. Van Dyken at 432.

In the case at bar, the record is devoid of any evidence which would have permitted the jury to rationally convict Collins of the lesser included offense of misdemeanor criminal mischief. The record reveals that the only evidence introduced as to the amount of damage to the patrol vehicle, was a "low bid" repair order for

4

$392. Collins presented no evidence from which the jury could have rationally concluded that the damage to the patrol vehicle was less than $300. Thus, the District Court was correct in refusing to instruct the jury as to the lesser included offense of misdemeanor criminal mischief. Evidence must be presented at trial to warrant an instruction on a lesser included offense. State v. Olivieri (1990), 244 Mont. 357, 360, 797 P.2d 937, 939. There is no reversible error. The conviction is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices

January 12, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


George Allen Collins, Jr.
#28522
700 Conley Lake Road
Deer Lodge, MT  59722


Hon. Marc Racicot, Attorney General
    , Assistant
Justice Bldg.
Helena, MT   59620

John T. Flynn
County Attorney
P.O. Box 96
Townsend, MT  59644


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
     Deputy